## MILLER v. STATE.

(Supreme Court, Appellate Division, Third Department. January 7, 1914.)

BRIDGES (§ 44*)—ACTIONS FOR INJURIES—QUESTIONS OF FACT.

    In a proceeding by one injured in falling from an unguarded passway over a state canal, evidence *held* sufficient to show the claimant's freedom from contributory negligence and the state's negligence.

    [Ed. Note.—For other cases, see Bridges, Cent. Dig. §§ 91–94; Dec. Dig. § 44.*]

Appeal from Board of Claims.

Claim by Edward J. Miller against the State of New York. From a judgment of the Board of Claims in favor of claimant, the State appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Thomas Carmody, Atty. Gen. (Joseph P. Coughlin, of Albany, of counsel), for the State.

P. H. Fitzgerald, of Utica, for respondent.

WOODWARD, J.   The claimant, a man about 50 years of age, who has been nearly blind from his birth, was injured by falling from an unguarded elevated passageway over the Erie Canal at Utica, N. Y.   It appears from the evidence that certain repairs were being made upon the bridge in question, and that the sidewalk leading to the bridge was barricaded for the purpose of preventing persons passing upon the same.   There was an elevated passageway for foot travelers so arranged that when the bridge was opened the foot travelers could climb the stairs and pass over the elevated walk.   The claimant on the day of the accident, finding the lower sidewalk blockaded, climbed the stairs and walked along the passageway and stepped off of the unguarded end, falling to the bridge, some 10 feet below, where he sustained more or less serious injuries, for which the Board of Claims has awarded him the sum of $654.50.   Claimant was familiar with the bridge and its operation, and the question of his contributory negligence was clearly one of fact, which it was in the province of the Board of Claims to determine; and the evidence, we think, justified the conclusion that the claimant had exercised the degree of care which his infirmities and the circumstances demanded.   He was not bound to assume that the secondary passageway was out of condition, and the fact that the bar, which was customarily in place, was not there on the particular occasion was some evidence of the negligence of the defendant.   We are of the opinion that the questions of fact were properly presented by the evidence, and that the determination of the Board of Claims ought not to be disturbed.

The judgment and determination appealed from should be affirmed, with costs.   All concur.